UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL NEIL SMITH,

                        Plaintiff,
         v.

NANCY A. BERRYHILL,[1] Commissioner of
  Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**17-CV-1144F**
(**consent**)

APPEARANCES:              LAW OFFICES OF KENNETH HILLER, PLLC
                                  Attorneys for Plaintiff
                                  KENNETH R. HILLER and
                                  TIMOTHY HILLER, of Counsel
                                  6000 North Bailey Avenue, Suite 1A
                                  Amherst, New York 14226

                                  JAMES P. KENNEDY, JR.
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York 14202
                                          and
                                  JUNE LEE BYUN
                                  Special Assistant United States Attorney, of Counsel
                                  Social Security Administration
                                  Office of General Counsel
                                  26 Federal Plaza, Room 3904
                                  New York, New York 10278
                                          and
                                  DENNIS J. CANNING, and
                                  CRAIG HUNDLEY
                                  Special Assistant United States Attorneys, of Counsel
                                  Social Security Administration
                                  Office of General Counsel
                                  601 East 12TH Street, Room 965
                                  Kansas City, Missouri 64106

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn W. Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 8). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on August 6, 2018 (Dkt. 9), and by Defendant on October 4, 2018 (Dkt. 12).

## BACKGROUND

Plaintiff Michael Neil Smith ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on November 20, 2014, for Supplemental Security Income under Title XVI of the Act ("SSI" or "disability benefits"). Plaintiff alleges he became disabled on July 1, 1993, AR[2] at 240-48, based on diabetes, bipolar, arthritis, hip problems, obesity, anxiety, asthma, depression, high blood pressure, shoulder pain, and sciatica. AR at 265. Plaintiff's application initially was denied on March 31, 2015, AR at 160-65, and at Plaintiff's timely request, on June 1, 2017, a hearing ("the administrative hearing"), was held in Buffalo, New York, by video conferencing before administrative law judge Michael Carr ("the ALJ"), located in Alexandria, Virginia. AR at 27-64. Appearing and testifying at the hearing were Plaintiff, with legal counsel Jeanne Murray, Esq., and vocational expert David VanWinkle ("the VE"). *Id.*

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on June 5, 2018 (Dkt. 7).

On July 12, 2017, the ALJ issued a decision denying Plaintiff's claim. AR at 7-26 ("the ALJ's decision"). On September 14, 2017, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On November 8, 2017, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On August 6, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. 9) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 9-1) ("Plaintiff's Memorandum"). On October 4, 2018, Defendant filed a motion for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching Commissioner's Brief in Support of Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum"). In further support of Plaintiff's Motion, Plaintiff filed on October 25, 2018, Plaintiff's Reply Brief (Dkt. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Michael Neil Smith ("Plaintiff" or "Smith"), born May 18, 1968, was 45 years old as of July 1, 1993, his alleged disability onset date ("DOD"). AR at 240. Plaintiff is a high school graduate and attended two years of college, but never obtained a college degree. AR at 267. Although Plaintiff has not worked in more than 15 years,

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

3

Plaintiff's work history includes positions in data entry, production worker, sales associate, and sales person. *Id.* Plaintiff is married and lives with his wife. AR at 34.

## DISCUSSION

**1. Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.      Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  The first step is to determine whether the applicant is engaged in substantial gainful activity ("SGA") during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[5] there is a presumption of inability to perform SGA and the claimant is deemed disabled regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.
[5] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

5

applicant's "residual functional capacity" ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in SGA since November 20, 2014, the date of his disability benefits application, AR at 12, suffers from the severe impairments of obesity, sciatica, type II diabetes mellitus, hypertension, gastroesophageal reflux disease, bipolar disorder, unspecified depressive disorder, and unspecified anxiety disorder, AR at 12-13, but that the record was devoid of any imaging studies supporting Plaintiff's other claimed impairments, including hip arthritis and dementia, which conditions thus are not medically determinable impairments, *id.* at 13, such that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part

6

404, Subpt. P, App. 1, *id.* at 13-15, and retains the RFC for sedentary work with further restrictions of occasionally climbing ramps/stairs, balancing, stooping, and crawling, never crouching, kneeling, or climbing ladders, ropes, or scaffolds, and avoiding unprotected heights, the ability to sit for two minutes after standing or walking for 30 minutes, performing simple, routine tasks, and tolerating only occasional in-person contact with the general public. *Id.* at 15-21. The ALJ further found Plaintiff has no past relevant work, *id.* at 21, yet given Plaintiff's age, education, ability to communicate in English, lack of transferable skills because he has no past relevant work experience, and RFC, jobs exist in significant number in the national economy that Plaintiff can perform including account credit clerk, document preparer, and order clerk (food and beverage), all jobs considered under the Dictionary of Occupational Titles ("DOT") on which the SSA relies, as unskilled, such that Plaintiff is not disabled as defined under the Act. *Id.* at 21-22.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues the ALJ erred at step 4 in assessing Plaintiff's RFC by failing to address the issue of Plaintiff's poor hygiene, Plaintiff's Memorandum at 10-12, and the ALJ failed to follow the treating physician rule with regard to Plaintiff's treating psychiatrist. *Id.* at 12-15. Defendant maintains Plaintiff has not demonstrated his poor hygiene resulted from his impairments, Defendant's Memorandum at 12-14, and the ALJ properly gave limited weight to the opinion of Plaintiff's treating psychiatrist, Mark Varallo, M.D. ("Dr. Varallo"), which opinion was inconsistent with Dr. Varallo's own treatment notes. *Id.* at 15-22. Plaintiff's reply is limited to characterizing Defendant's argument regarding Plaintiff's poor hygiene as "*post hoc.*" Plaintiff's Reply at 1-3.

7

## A. Hygiene

Plaintiff argues the ALJ erred at step 4 in assessing Plaintiff's RFC by failing to address the issue of Plaintiff's poor hygiene, an issue on which numerous medical sources commented and which Plaintiff maintains would impede Plaintiff's ability "to 'respond appropriately' to 'usual work situations' [which] is a 'basic mental demand of competitive, remunerative, unskilled work.'" Plaintiff's Memorandum at 10-12 and n. 3 (quoting SSR 85-15). Defendant maintains the ALJ was not required to address the issue of Plaintiff's poor hygiene because the evidence does not establish Plaintiff's hygiene habits resulted from his mental impairments, rather than Plaintiff's personal choice or preference. Defendant's Memorandum at 12-14. In reply, Plaintiff asserts Defendant's argument was not previously asserted and thus is a *post hoc* argument on which Defendant may not rely. Plaintiff's Reply at 1-3.

It is undisputed that the administrative record contains several references to Plaintiff's poor hygiene, including Progress Notes from Plaintiff's counseling sessions with Niagara County Department of Mental Health ("NDMH"), variously describing Plaintiff as "unkempt, "disheveled," "malodorous," "odorous," or "very odorous." AR at 342 (May 13, 2014), 348 (June 30, 2014), 354-55 (July 14, 2014), 357 (August 19, 2014), 363 (September 22, 2014), 368 (October 7, 2014), 371 (October 21, 2014), 376 (December 3, 2014), 383 (January 26, 2015), 386 (February 9, 2015), 389 (March 18, 2015), and 391 (April 1, 2015). Likewise, in Progress Notes from Plaintiff's counseling sessions at Horizon Health Services ("Horizon Health"), Plaintiff is described as "poorly groomed," "disheveled," "poor hygiene," AR at 434 (March 31, 2016), 445 (June 21, 2016), 456 (August 9, 2016), 515 (December 3, 2016), and 521 (April 4, 2017). On the

8

Mental Health Treating Medical Source Statement ("MH Treating Source Statement") completed on May 9, 2017, however, Dr. Varallo of Horizon Health describes Plaintiff's "hygiene/grooming" merely as "disheveled," but not as poor or malodorous and, contrary to Defendant's argument that Plaintiff's medical records fail to attribute Plaintiff's poor hygiene to his mental impairment, considers this clinical finding demonstrative of the severity of Plaintiff's mental impairment. AR at 479. Nevertheless, Dr. Varallo also indicates Plaintiff's ability to make each of eight separately stated occupational adjustments as either "good" or "fair," AR at 480, and, more relevantly, also rates Plaintiff's ability to make each of four separately stated personal – social adjustments as either "good" or "fair" including Plaintiff's ability to maintain personal appearance which Dr. Varallo assessed as "fair." AR at 481. Accordingly, the substantial evidence in the record establishes Plaintiff's unkempt and disheveled appearance is but a symptom of Plaintiff's mental impairment that Dr. Varallo considered in assessing the impact of Plaintiff's mental impairment on his ability to perform work functions such that the ALJ's failure to separately consider the impact of Plaintiff's grooming and hygiene on Plaintiff's ability to work is without merit.

### B.     Treating Physician Rule

Plaintiff maintains the ALJ failed to follow the treating physician rule with regard to Plaintiff's treating psychiatrist Dr. Varallo's opinion in the MH Treating Source Statement indicating as "fair" plaintiff's abilities to follow work rules, relate to co-workers, interact with supervisor, deal with stress, maintain personal appearance, and demonstrate reliability, and as "poor" Plaintiff's abilities to understand, remember, and carry out complex, detailed and simple instructions, expecting Plaintiff's ability to

9

function to deteriorate with the stress of full-time work, and that Plaintiff could satisfactorily work only 75% to 80% of the time. Plaintiff's Memorandum at 12-15. Defendant maintains the ALJ properly discounted Dr. Varallo's opinion insofar as it consists largely of "checked boxes" unaccompanied by any explanation or rationale, thereby reducing the opinion's probative value, Defendant's Memorandum at 16-17, and that the rejected portions of such opinion are inconsistent with Dr. Varallo's own treatment notes and mental status examination. *Id.* at 17-20.

Under the so-called "treating physician's rule," the opinion of a treating physician is entitled to significant weight where it is supported by medical evidence in the record, and to controlling weight where it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2). Treating physician opinions, however, are not determinative and are granted controlling weight only when they are not inconsistent with other controlling evidence. 20 C.F.R. § 4040.1527(d); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)). In the instant case, substantial evidence in the record establishes the ALJ's failure to accord substantial weight to portions of Dr. Varallo's opinion did not violate the treating physician's rule.

In particular, the ALJ contrasted Dr. Varallo's opinion in the MH Treating Source Statement that Plaintiff, based on his mental health impairment, would be precluded from 1/3 to 2/3 of a workday in understanding, remembering, and carrying out even simple instructions, and up to 1/3 of the day in following work rules, relating to co-workers, interacting with supervisor, dealing with stress, maintaining personal

appearance, and demonstrating reliability, with Dr. Varallo's further finding that Plaintiff could work in a setting in the same general area as other people despite Plaintiff's hearing testimony that he could not be around other people. (AR 20). The ALJ also noted that Dr. Varallo's medical opinion as found in the MH Treating Source Statement largely consists of checked boxes, unaccompanied by any explanation or rationale, AR at 20, although a fair reading of the MH Treating Source Statement establishes that following each of the categories of boxes to be checked is a space where medical/ clinical findings supporting the assessment are to be added. *See* AR at 481-82. Moreover, as the ALJ commented, AR at 20, Plaintiff's mental health treatment notes, including from NDMH and Horizon Health, fail to support that Plaintiff's vocational limitations are as severe as Dr. Varallo opines. *Compare*, *e.g.*, AR at 480 (Dr. Varallo opining Plaintiff has difficulty thinking or concentrating and impaired memory), with AR at 301(March 27, 2015 consultative psychiatric evaluation by Janine Ippolito, Psy.D. ("Dr. Ippolito"), finding Plaintiff with intact attention and concentration, and recent and remote memory skills); 317 (March 18, 2014 NDMH progress notes finding Plaintiff with intact recent and remote memory, good judgment, and able to attend and maintain focus); 354-55 (August 5, 2014 (same)); 394 (April 20, 2015 (same)); and 422 (April 14, 2015 (Horizon Health progress notes describing cognitive status as oriented, with intact memory and attention, good insight and good judgment)). The ALJ further discounted Dr. Varallo's opinion as inconsistent with Dr. Ippolito's consultative psychiatric evaluation findings that Plaintiff "presents as able to follow and understand simple directions and instructions, perform simple and complex tasks independently, maintain attention and concentration, and a regular schedule, learn new tasks, make appropriate

decisions, relate adequately with others, and appropriately deal with stress with moderate limitations." AR at 302.

Nor did the ALJ's rejection of some of Dr. Varallo's opinion create a "gap" in the record requiring the ALJ to contact Dr. Varallo for further clarification of his opinion. *See Micheli v. Astrue*, 501 Fed.Appx. 26, 29-30 (2d Cir. Oct. 25, 2012) (ALJ not required to re-contact treating physician to whose opinion the ALJ does not accord controlling weight where such opinion was internally inconsistent and also inconsistent with treatment records and other physician's opinions). Accordingly, although Dr. Varallo is Plaintiff's treating psychiatrist, the ALJ sufficiently references substantial evidence in the record, including inconsistencies on Dr. Varallo's notes, supporting the ALJ's rejection of portions of Dr. Varallo's opinion. There is, accordingly, no merit to Plaintiff's argument that the ALJ failed to abide by the treating physician rule.

Substantial evidence in the record thus supports the ALJ's consideration of the impact of Plaintiff's poor hygiene on his ability to perform SGA, as well as the ALJ's application of the treating physician rule.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 9) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED. The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	May 20th, 2019
		Buffalo, New York